IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RODNEY CARSON,

Petitioner,

v.

STUART HUDSON, Warden,

Respondent.

CASE NO. 2:07-cv-00375
JUDGE SARGUS
MAGISTRATE JUDGE ABEL

## OPINION AND ORDER

On December 28, 2007, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 be dismissed without prejudice as unexhausted. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. For the reasons that follow, petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. Petitioner shall notify this Court of the exhaustion of claims now pending on appeal before the Ohio Supreme Court, or of his intent to proceed on the his remaining exhausted claims within ten days of this Order, or this action shall be dismissed without prejudice as unexhausted. If petitioner intends to request to amend the petition to include new exhausted claims, he must also state the nature of those claims. Petitioner's motion to expand the record with exhibits attached thereto, *see* Doc. No. 21, is **GRANTED**.

As discussed in the Magistrate Judge's *Report and Recommendation*, on June 1, 2007, petitioner filed a request to amend his habeas corpus petition to include claims now apparently pending before the Ohio Supreme Court, and requested a stay of these

proceedings pending his exhaustion of such claims in the state courts. *See* Doc. No. 8. The Magistrate Judge granted petitioner's request to amend the petition to include such claims, but denied his request for a stay of proceedings under the United States Supreme Court's decision in *Rhine v. Weber*, 544 U.S. 269 (2005). Petitioner now complains that the Magistrate Judge misconstrued his intended amended claims,[1] and requests the Court to review Exhibits 19, 22, 24-25 to the Return of Writ to discern the nature of these unexhausted claims. Petitioner further objects to the *Report and Recommendation* claiming that he has not yet actually amended the petition to include any unexhausted claims. *See Objections*.

Petitioner's objections are not well taken. Pursuant to 28 U.S.C. 636(b)(1), this Court has conducted a de novo review of the *Report and Recommendation*. The Court has carefully considered the entire record, and all of the exhibits submitted by the respondent and the petitioner. For the reasons detailed in the Magistrate Judge's *Report and Recommendation*, this Court likewise concludes that a stay of proceedings pending exhaustion of petitioner's motion for new trial claims is not warranted under *Rhines v. Weber, supra*.

Petitioner's objections therefore are **OVERRULED**. The *Report and Recommendation*

---

[1] Petitioner indicates that he intends to amend the petition to include motion for new trial claims now pending before the Ohio Supreme Court of ineffective assistance of trial counsel for failure to investigate, speak with alibi witnesses, obtain police reports, cross examine prosecution witnesses properly, and failure to provide professional conduct at trial. He also intends to raise a claim of prosecutorial misconduct for failure to disclose exculpatory evidence in the form of police reports, witness statements, probably cause affidavits for search warrant and police investigations that, if presented to the jury, petitioner would have been found not guilty, and which establish petitioner's actual innocence. *Objections*, at 2.

2

is **ADOPTED** and **AFFIRMED**.

The Court notes that, on November 29, 2007, the Ohio Tenth District Court of Appeals dismissed petitioner's motion for a new trial appeal. *See State v. Carson*, 2007 WL 4216957 (Ohio 10 App. Dist. November 29, 2007). Petitioner indicates that he has filed an appeal of the appellate court's decision to the Ohio Supreme Court, and that a "decision is forthcoming." *Objections*, at 6.

Therefore, petitioner shall notify this Court of the exhaustion of claims now pending on appeal before the Ohio Supreme Court, or of his intent to proceed on the his remaining exhausted claims within ten days of this Order, or this action shall be dismissed without prejudice as unexhausted. If petitioner intends to request to amend the petition to include new exhausted claims, he must also state the nature of those claims.

**IT IS SO ORDERED.**

2-14-2008
EDMUND A. SARGUS, JR.
United States District Judge

3